■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v YUNIO GONZALEZ, Appellant. [612 NYS2d 222] —In a proceeding for a permanent stay of arbitration pursuant to CPLR article 75, the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated July 28, 1992, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The appellant, who was involved in an accident while driving a vehicle owned by the insured, contends that the insured's assigned risk livery policy was in effect at the time of the accident. He asserts that the insurance carrier's purported cancellation was invalid without notification to the insured of the right to appeal. We disagree and affirm.

New York Automobile Insurance Plan (hereinafter the Plan) § 18 (2) (1) permits cancellation by the insurance carrier on the ground that the insured "is not or ceases to be eligible". The requirements for eligibility are set forth in section 9 of the Plan, which states, in essence, that an applicant is not entitled to motor vehicle insurance if the applicant lacks a valid driver's license, or fails to pay insurance premiums. The insured in the present case did not cease to be "eligible" within the meaning of section 9. Rather, the insured's policy was canceled, not because of any problem with its eligibility for coverage, but because the Plan was being restructured and

the insured was obligated to obtain a new policy, either on the open market or by submission of a new application to the Plan. There was, therefore, no cancellation pursuant to section 18, and the insurance carrier was not required to provide notice pursuant to section 19 of the right to appeal. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.